IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEMETRIS SHAVION MCDOWELL**                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 4:20-CV-84-SA-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**ORDER GRANTING PAYMENT
OF ATTORNEY'S FEES AND EXPENSES**

Demetris Shavion McDowell filed this civil action on May 19, 2020, to appeal the Commissioner's denial of disability benefits. Docket 1. This court entered an Order remanding this case to the Social Security Administration on May 3, 2021. Docket 20. On May 19, 2021, this court granted the plaintiff an award of attorney's fees totaling $4,384.28 under the Equal Access to Justice Act (EAJA) for 21.50 hours of attorney time. Docket 23.

On December 9, 2022, counsel for the plaintiff filed a motion for attorney's fees under 42 U.S.C. § 406(b)(1). Docket 24. Counsel reports that the plaintiff was successful on remand in obtaining an award of past-due benefits and seeks an award of attorney's fees for services performed in Federal District Court in the amount of $125.97. *Id*.

The Agency withheld a total of $4,510.25, representing the balance of twenty-five percent (25%) of the plaintiff's past due benefits withheld to pay his representative. *Id*. Counsel explains the $125.97 requested in the instant motion constitutes a portion of the 25% fee for work before the agency and federal court which altogether totals $10,510.25. Docket 24 (the $10,510.25 amount is comprised of a $6,000.00 fee for work performed at the administrative level; a $125.97 fee under § 406(b)(1) for services performed in Federal District Court; and $4,384.28 in EAJA fees which has already been awarded).

Rather than reimburse the plaintiff for the amount of attorneys fees counsel received pursuant to the EAJA ($4,384.28), counsel for the plaintiff credited the amount of EAJA fees

received against the total amount withheld from the Agency and is requesting the remaining balance of $125.97. Docket 26. Consequently, counsel for the plaintiff requests that the remaining balance of the plaintiff's past-due benefits withheld by the agency ($4,384.28) be disbursed to the plaintiff.

In its response, the Commissioner declines to assert a position on the appropriateness or reasonableness of counsel's motion for fees and instead describes the relevant legal standards under which such a request is evaluated. Docket 25. When noting the resulting hourly rate of $209.77, the defendant states that it "is only slightly higher than the hourly rate previously properly awarded under the Equal Access to Justice Act" and "makes no assertion that the total amount sought for work performed at the District Court level is unreasonable or prohibited." *Id*.

Under § 406(b), when a court "renders a judgment favorable to a claimant ... who was represented before the court by an attorney," the court may award "a reasonable fee for such representation*,* not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019) (quoting 42 U.S.C. § 406(b)(1)(A)).[1] "A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case." *Bays v. Comm'r of Soc. Sec.*, No. 3:15CV00053-JMV, 2017 WL 6499248, at *1 (N.D. Miss. Dec. 19, 2017) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002)).[2] Fees under both § 406(b) and the EAJA are recoverable, however, the attorney must refund the lesser fee to the claimant. *Id*.

---

[1] "[T]he 25% cap applies only to fees for representation before the court, not the agency." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522, 202 L. Ed. 2d 469 (2019).
[2] In *Gisbrecht*, the Supreme court noted:
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from

While § 406(b) does not contain a specific time period for the filing of a request for attorney's fees, Federal Rule of Civil Procedure 54(d)(2) requires that the motion be filed "no later than 14 days after entry of judgment." *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006). It is within the court's discretion to expand the deadline beyond 14 days; therefore, even if a request is made more than 14 days after the district court's order granting remand, a motion for attorney's fees can be timely when filed after the Agency awards benefits to the claimant on remand. *Tate v. Colvin*, No. 3:13CV904-DPJ-FKB, 2016 WL 744474, at *2 (S.D. Miss. Feb. 23, 2016) (citing *Pierce v. Barnhart*, 440 F.3d at 664). The instant motion was filed on January 4, 2023, only days after the SSA advised counsel and Mr. McDowell as to the amount of benefits he would be receiving. Docket 24-1. The court therefore finds that counsel's request for fees was made within a reasonable time.

Finding that an award of fees is appropriate, the court now turns to whether the amount requested is proper. Section 406(b) instructs courts to evaluate the reasonableness of fees yielded by attorney-client contingent-fee agreements, acting as an "independent check" on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a "reasonable result" in particular cases. *Gisbrecht v. Barnhart*, 535 U.S. at 807-09. Counsel's request for a total of $125.97 from fees withheld by the Agency from the plaintiff's past-due benefits, taken in conjunction with the $4,384.28 EAJA award, would result in an effective rate of $209.77 per hour for the 21.50 hours of reasonable work expended by counsel before this court.

---

the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S. Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

Following analysis in *Bays v. Commissioner*, the court evaluates the following factors in determining whether this fee is reasonable. *Bays v. Comm'r of Soc. Sec.*, 2017 WL 6499248 (N.D. Miss. Dec. 19, 2017). The court first considers that counsel has presented a contingency-fee agreement signed by the plaintiff, wherein the plaintiff acknowledges that his attorney will seek payment of attorney fees from past-due benefits awarded for representing him in federal court. Second, the court notes that counsel successfully argued the plaintiff's case before this court and on remand before the Agency. Third, the Fifth Circuit and district courts in this Circuit have acknowledged the high risk of loss inherent in Social Security appeals. *Id.* at *2 (citing *Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010)). Fourth, the plaintiff's counsel is an experienced Social Security attorney and there is no indication of undue delay in the record on his part. Finally, the § 406(b) fee requested is within the statutory limit imposed by § 406(b)(1)(A).

For the foregoing reasons, the plaintiff's Motion for Award of Attorney Fees under 42 U.S.C.§ 406(b)(1) is **GRANTED.** Plaintiff's counsel is awarded $125.97, which is to be paid from the plaintiff's past-due benefits withheld by the Agency. Because plaintiff's counsel credited the amount of the EAJA fees amount he already received in seeking this award, the court will not require that counsel for plaintiff reimburse plaintiff any amount, and the remaining balance of the plaintiff's past-due benefits withheld by the Agency shall be paid to plaintiff.

**SO ORDERED**, this the 25th day of January, 2023.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE